FILED
2015 Aug-20 PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| M. DOUGLAS GHEE, as personal representative of BILLY KEITH FLEMING, deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> REGIONAL MEDICAL CENTER BOARD, USAble MUTUAL INSURANCE COMPANY, D/B/A ARKANSAS BLUE CROSS AND BLUE SHIELD AND BLUEADVANTAGE ADMINISTRATORS OF ARKANSAS, et al. | CIVIL ACTION NO. : _____ |

## NOTICE OF REMOVAL

Defendant USAble Mutual Insurance Company, d/b/a BlueAdvantage Administrators of Arkansas ("BlueAdvantage"), incorrectly denominated Arkansas Blue Cross and Blue Shield in the Complaint, removes this case to the United States District Court for the Northern District of Alabama, Eastern Division. This Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). All of the claims asserted in the Complaint against BlueAdvantage are completely preempted as they involve exclusive federal remedies available to participants and beneficiaries of employee benefit plans governed by the Employee Retirement

1400823.3

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et. seq.* In support of this Notice, BlueAdvantage states as follows:

1. Plaintiff has sued BlueAdvantage in the Circuit Court for Calhoun County, Alabama, Civil Action number: 11-CV-2015-900383. The documents attached as Exhibit A constitute all of the process, pleadings, orders, and other papers served upon BlueAdvantage to date, as required by 28 U.S.C. § 1446(a).

2. BlueAdvantage was served with the documents attached as Exhibit A on July 21, 2015, therefore, this Notice of Removal is filed within the time limit for the removal of civil actions pursuant to 28 U.S.C. § 1446.

3. In the Complaint, Ghee alleges that Defendants, including BlueAdvantage, are liable for the wrongful death of Plaintiff's decedent, Billy Keith Fleming. As to BlueAdvantage, Plaintiff alleges that BlueAdvantage insures numerous individuals by managing and administering their individual health insurance, including Fleming. *See* Complaint, ¶¶ 10, 28, 29, 41, 68–71.

4. Specifically, Plaintiff alleges that Plaintiff could not have the surgery he needed "because [BlueAdvantage] had decided that a lower quality of care— continued non-surgical management— was more appropriate than the higher quality of care—surgery—that Billy needed and that his surgeon felt was appropriate." Complaint, ¶ 28; "Billy and his family then had multiple conversations with agents of [BlueAdvantage] in an unsuccessful attempt to

convince the company that the higher quality of care (surgery, as recommended by Billy's doctors) was the more appropriate course. Ultimately, an agent of [BlueAdvantage] suggested to Billy that he return to RMC in an attempt to convince hospital personnel and physicians to perform the surgery on an emergency basis." Complaint, ¶ 29; "During this entire time, [BlueAdvantage] was providing for a certain level of care to be provided to Billy—non-surgical management of his life-threatening bowel obstruction. However, [BlueAdvantage] never agreed to provide him with the higher quality of care he needed: life-saving surgical intervention." Complaint, ¶ 41.

5. At all times pertinent hereto, Billy Keith Fleming was a participant in a group health benefit plan sponsored by his employer, Wal-Mart, Inc., the Wal-Mart Associates' Health and Welfare Benefit Plan ("the Wal-Mart Plan"). Wal-Mart established the Wal-Mart Plan to provide group health benefits, among other benefits, to its eligible employees and their dependents. BlueAdvantage serves as a Claims Administrator of health benefits under the Wal-Mart Plan.

6. Wal-Mart is an employer engaged in interstate commerce and is in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 1003(a)(1). The provision of health and other benefits through the Wal-Mart Plan to its employees in this manner constitutes the establishment and maintenance of an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(2)(A).

7.     Plaintiff expressly alleges in paragraph 69 of the complaint that BlueAdvantage was negligent in the administration of Fleming's benefits, which were provided under an ERISA-governed plan.  This action, therefore, is removable to this Court pursuant to 28 U.S.C. § 1331 because all of the claims asserted in the Complaint are completely preempted as they involve exclusive federal remedies available to participants and beneficiaries of ERISA-governed plans.  29 U.S.C. § 1132(a);   *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004);   *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011);   *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999).  In *Davila*, involving a state law claim arising from a claims administrator's refusal to approve medical treatments, the United States Supreme Court held, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted . . . causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court."  *Davila*, 542 U.S. at 209.  Here, just like *Davila*, Ghee's causes of action for failure to approve treatments duplicate, supplement, and supplant the remedies provided within the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a), and thus are removable to this Court.[1]

---

[1]   Plaintiff seeks to head off this removal based on complete preemption under ERISA by alleging in

8. In *Connecticut State Dental Association v. Anthem Health Plans, Inc.*, 591 F.3d. 1337, 1345-53 (11th Cir. 2009), the Eleventh Circuit adopted the *Davila* two-part test to determine whether ERISA completely preempts a state law claim: (1) whether the plaintiff could have brought its claim under 29 U.S.C. § 1132(a); and (2) whether the claim is predicated on a legal duty <u>independent</u> of ERISA.

9. Under step one of the *Davila* test, Plaintiff's decedent, Fleming, could have brought his claims under 29 U.S.C. § 1132(a) to contest the alleged refusal to approve a higher level of care. *See Butero*, 174 F.3d at 1212–13 (setting forth the Eleventh Circuit's pre-*Davila* requirements for complete preemption: (1) an ERISA plan; (2) standing to sue under ERISA; (3) defendant is an ERISA entity; and (4) the relief sought is available under ERISA).  Here, the Wal-Mart Plan is an ERISA plan under 29 U.S.C. § 1002(2)(A) in that it is an employee welfare benefit plan established and maintained by an employer to provide group health benefits to employees.  Fleming had standing to seek relief related to plan administration as an "employee

---

paragraph 71 of the complaint that he disputes the quality of care BlueAdvantage authorized rather than the quantity of care, in the mistaken belief that the quality / quantity distinction recognized by the Third Circuit *in Dukes v. U.S. Healthcare, Inc.*, 57 F. 3d 350 (3rd Cir 1995), still exists and governs preemption in this case.  The Third Circuit clarified in *DeFelice v. Aetna U.S. Healthcare,* 346 F. 3d 442 (3rd Cir 2003), that it no longer uses the quality/quantity test for preemption.  In any event the *Dukes* distinction was overruled a year after *DeFelice*, by *Davila*, 542 U.S. at 220-21 (benefits determinations, including decisions limiting access to medical care, are "pure eligibility decisions" even if they are predicated on medical judgments and, therefore, state law claims based on such judgments are preempted by ERISA).

. . . who is or may become eligible to receive a benefit . . . from [the] Plan. . . ." 29 U.S.C. § 1002(7).  Finally, BlueAdvantage is an ERISA entity by virtue of its status as a Claims Administrator of health benefits under the Wal-Mart Plan.

10. In addition, the Complaint seeks relief akin to that available under 29 U.S.C. § 1132(a).  Under § 1132(a)(1)(B), a participant or beneficiary may file suit to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, or to clarify his rights to future benefits under the terms of the plan.  Here, Fleming could have sued under this section to redress the alleged denial of a higher level of care.

11. "Step Two of *Davila* looks to whether the plaintiffs' claims implicate a duty independent of ERISA." *Ehlen*, 660 F.3d at 1288.  Any analysis of whether BlueAdvantage improperly denied benefits necessarily requires consideration of its duties under ERISA and the Wal-Mart Plan.  "There is no independent legal duty in an ERISA case if 'interpretation of the terms of [the] benefit plan[] forms an essential' part of the legal claim." *Lewis v. Blue Cross Blue Shield of Georgia, et al.*, 2015 U.S. Dist. LEXIS 41406, at *12 (M.D. Ala. Mar. 31, 2015) (quoting *Davila*, 540 U.S. at 213).  In *Ehlen*, the Eleventh Circuit quoted its earlier decision in *Borrero v. United Healthcare of N.Y., Inc.*, "if some of a party's claims 'implicate legal duties dependent on the interpretation of an ERISA plan,' the claims are completely preempted." *Ehlen*, 660 F.3d at 1288 (quoting *Borrero v.*

*United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1304 (11th Cir. 2010)).  Here, a determination of whether BlueAdvantage properly handled Fleming's alleged requests for a higher level of care necessarily requires an interpretation of the Plan terms.  The Court must reference, interpret, and apply the Wal-Mart Plan in evaluating the merits of Plaintiff's claims.  *See Sanson v. General Motors Corp.*, 966 F.2d 618, 621 (11th Cir. 1992) (finding completely preempted state law claims of fraud based on alleged misrepresentations about retirement benefits).  As in *Sanson*, Plaintiff's claims here would not exist but for the existence of the Wal-Mart Plan.  *See also Borrero*, 610 F.3d at 1304 ("In *Connecticut State Dental*, we concluded that . . . claims that challenged coverage determinations under ERISA plans clearly implicated ERISA."); *Lewis*, 2015 WL 1475610, at *5 ("Here, Lewis argues that Greater Georgia Life failed to pay her benefits under her life insurance policy . . . To determine the merits of Lewis's legal claims, the court would have to understand the terms of the [insurance policy] . . . .  In other words, the foundation of her claims would be the court's interpretation of the plan.  As such, no other independent legal duty supports her claims.")..  In *Davila*, the U.S. Supreme Court held that state law claims for violation of a state statute were preempted because the state law liability would exist only because of the defendants' administration of ERISA-regulated benefit plans.  *Davila*, 542 U.S. at 213.  Likewise here, any

liability on the part of BlueAdvantage only could exist due to BlueAdvantage's administration of claims under an ERISA-governed plan.

12. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) over the claims asserted against BlueAdvantage. As a civil action founded upon a claim of right arising under the laws of the United States, this action may be removed to this court pursuant to the provisions of 28 U.S.C. § 1441(a), (b), and (c).

13. This case is removable without the consent of the co-defendants because the civil action couples a claim against BlueAdvantage arising under the laws of the United States with state law claims not within the original or supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1441(c)(1)(3) and (c)(2). Following this removal, the Court must sever and remand the state law claims against co-defendants pursuant to 28 U.S.C. § 1441(c)(2).

14. A true and correct copy of this Notice of Removal has been filed with the Clerk of the Circuit Court of Calhoun County, Alabama, as required by 28 U.S.C. § 1446(d).

Respectfully submitted this the 20th day of August, 2015.

>   */s/ Cavender C. Kimble*
>   One of the Attorneys for Defendant,
>   USAble Mutual Insurance Company, d/b/a
>   BlueAdvantage Administrators of Arkansas

OF COUNSEL:

Cavender C. Kimble
Jeremiah M. Glassford
BALCH & BINGHAM LLP
P.O. Box 306
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203-4642
Telephone: (205) 251-8100
Facsimile: (205) 226-8799
ckimble@balch.com
jglassford@balch.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following by U.S. Mail, addressed and postage prepaid, on this the 20th day of August, 2015:

Rip Andrews
David T. Brown
J. Ben Ford
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Parkway, Suite 600-D
Birmingham, AL 35209

Summer Phelps, N.P.
388 Terrace Meadow Drive
Wellington, AL 36279

M. Adam Jones
M. ADAM JONES & ASSOCIATES, LLC
206 Lena Street
Dothan, AL 36303

J. Britney Williams, D.O.
270 17th Street NW
United 2004
Atlanta, GA 30363

Regional Medical Center Board
400 East 10th Street
Anniston, AL 36207

Michael Proctor, M.D.
12 Hathaway Heights Road
Anniston, AL 36207

THE CRAWFORD CLINIC, LLC
c/o George I. Crawford, Jr., M.D.
11 Robinwood Lane
Anniston, AL 36207

Christopher Simmons, M.D.
8877 Mudd Street
Ohatchee, AL 36271

George I. Crawford, Jr., M.D.
11 Robinwood Lane
Anniston, AL 36207

Donald Rosen, M.D.
308 Park Place
Oxford, AL 36203

*/s/ Cavender C. Kimble*
Of Counsel

1400823.3