FILED
2015 Aug-21 AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

DOCUMENT 51

ELECTRONICALLY FILED
8/10/2015 1:16 PM
11-CV-2015-900383.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
ELI HENDERSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

M. Douglas Ghee, as personal representative of )
Billy Keith Fleming, deceased, )
                              )
        Plaintiff, )
                              )
v. )       CIVIL ACTION NO. 11-CV-2015-900383
                              )
Regional Medical Center Board a/k/a The )       **JURY TRIAL REQUESTED**
Northeast Alabama Regional Medical Center )
Board d/b/a The Northeast Alabama Regional )
Medical Center, et al., )
                              )
        Defendant. )

## ANSWER

The defendants referred to in the Complaint as The Crawford Clinic, LLC and George I.

Crawford, Jr., M.D. (collectively "Defendants") answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants deny the material allegations of the Complaint, both separately and severally,

and demands strict proof thereof.

### THIRD DEFENSE

Defendants plead not guilty.

### FOURTH DEFENSE

Defendants plead the general issue.

### FIFTH DEFENSE

Defendants deny each and every material allegation of Plaintiff's Complaint except that

Defendants admit that certain medical care and treatment was rendered to Billy Keith Fleming.

## SIXTH DEFENSE

Defendants aver insufficiency of process and/or service of process.

## SEVENTH DEFENSE

Defendants aver lack of personal jurisdiction.

## EIGHTH DEFENSE

Venue in this action is improper, or alternatively, more convenient in another forum.

## NINTH DEFENSE

Plaintiff's claims may be barred by the doctrines of waiver, estoppel, laches, release, res judicata, lack of standing, accord and satisfaction, and/or unclean hands.

## TENTH DEFENSE

Defendants aver that Plaintiff does not have standing or capacity to bring this action, as Plaintiff is not the appropriate legal representative of the decedent's estate.  Specifically, to the extent Plaintiff lacks standing and/or capacity to maintain this action because he has not been appointed as the personal representative of the Billy Keith Fleming's estate, the Defendants plead lack of standing and lack of capacity as affirmative defenses.

## ELEVENTH DEFENSE

Plaintiff has failed to join necessary or indispensable parties.

## TWELFTH DEFENSE

Plaintiff failed to plead with specificity as required by Ala. R. Civ. P. 9 and Ala. Code § 6-5-551, and the Complaint does not give sufficient notice of the circumstances surrounding the alleged claims.

### THIRTEENTH DEFENSE

Defendants deny all allegations of negligence, fraud, or suppression. Defendants deny that they are vicariously liable for the alleged negligence of nursing staff, technicians, agents, servants, officers, employees, or other physicians who provided care to Billy Keith Fleming. Defendants deny all allegations of wantonness. Defendants deny all allegations of breach of duty. Defendants deny that the death of Billy Keith Fleming was caused by any conduct on their behalf. Defendants deny that Plaintiff is entitled to recover any damages from Defendants.

### FOURTEENTH DEFENSE

Defendants deny that their conduct was in any manner negligent or wanton.

### FIFTEENTH DEFENSE

Defendants deny that any conduct on their part was the proximate cause of the Plaintiff's decedent's death.

### SIXTEENTH DEFENSE

Defendants aver that, in the event and to the extent another person or entity caused the death of Billy Keith Fleming, that death was caused by acts or omissions of others for whom Defendants owe no legal responsibility.

### SEVENTEENTH DEFENSE

Defendants aver that Billy Keith Fleming's death was the result of superseding or intervening causes, for which Defendants owe no legal responsibility.

### EIGHTEENTH DEFENSE

As affirmative defenses, Defendants assert the provisions, separately and severally, of the Alabama Medical Liability Act and specifically pleads in defense to this action and asserts the applicability of the provisions of Ala. Code §§ 6-5-480 – 6-5-488, and 6-5-540 – 6-5-552.

DOCUMENT 51

### NINETEENTH DEFENSE

To the extent that Plaintiff asserts a claim as to any matters that are barred by the applicable statutes of limitation or limitation of action, Defendants plead the statute of limitations as an affirmative defense. Specifically, but without waiver of any other applicable limitation of action, Defendant pleads the limitation of action set forth in Ala. Code § 6-5-482 and/or § 6-5-410.

### TWENTIETH DEFENSE

If it is established that Defendants are in any manner legally responsible for any of the damages claimed, such damages were proximately contributed to and caused by other defendants, or persons or entities, and, hence, Defendants are entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

### TWENTY-FIRST DEFENSE

Defendants aver that they are entitled to credit or set-off, against the damages claimed, the settlement (and any monies paid pursuant thereto) between Plaintiff and any other person or entity, whether pursuant to *pro tanto* settlements or otherwise.

### TWENTY-SECOND DEFENSE

To the extent any of the claimed damages have been or will be indemnified in whole or in part from any collateral source, any verdict of judgment against Defendants must be reduced by those amounts.

4

DOCUMENT 51

### TWENTY-THIRD DEFENSE

Defendants assert that Alabama's Wrongful Death Act, as codified at Ala. Code §§ 6-5-391 and 6-5-410, and as interpreted and applied by the Alabama Supreme Court, and Ala. Code § 6-21-11(j) violate the equal protection clause of the Fourteenth Amendment to the United States Constitution because those statutes fail to apportion punitive damages between joint tortfeasors and allow for an award of punitive damages against one defendant based upon the conduct of another defendant.

### TWENTY-FOURTH DEFENSE

Defendants assert that Alabama's Wrongful Death Act, as applied, violates the Fifth Amendment to the United States Constitution, the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution because the Act, as applied, because it:

(1)    allows for the imposition of punitive damages in an arbitrary and capricious manner;

(2)    provides for the award of punitive damages without the award of compensatory damages;

(3)    fails to provide for a reasonable limit on the amount of the award;

(4)    fails to provide adequate notice to Defendants of the severity of the award, the conduct that would subject Defendants to punishment, or the severity of the penalty that may be imposed solely by the unbridled discretion of the jury;

(5)    is not rationally related to any legitimate government interest;

(6)    permits different awards for the same or similar acts; and

(7)    fails to require clear and convincing proof before damages may be awarded as required for all other punitive damage awards under Alabama law.

5

DOCUMENT 51

## TWENTY-FIFTH DEFENSE

While Defendants deny that Plaintiff is entitled to any relief, Defendants hereby assert the provisions of Ala. Code § 6-5-547 and pleads the limitations of this statutory provision as an affirmative defense to Plaintiff's claim for damages for wrongful death.

## TWENTY-SIXTH DEFENSE

Defendants assert that Alabama's Wrongful Death Act, as applied, is unconstitutionally vague because there are no specific standards by which such an award is made.

## TWENTY-SEVENTH DEFENSE

Defendants assert that Alabama's Wrongful Death Act, as applied, is unconstitutional because it permits the imposition of an excessive criminal fine and does not require proof beyond a reasonable doubt.

## TWENTY-EIGHTH DEFENSE

Defendants assert that an award of punitive damages may not exceed the limits imposed under Ala. Code § 6-11-21.

## TWENTY-NINTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

DOCUMENT 51

## **THIRTIETH DEFENSE**

Plaintiff's Complaint is vague and conclusory in nature. As such, it does not contain essential detailed factual allegations. When the material facts are determined through the discovery process, Plaintiffs' claims may be barred by defenses that Defendants cannot anticipate at this stage of the proceedings. Furthermore, Defendants recognize the possibility that discovery may reveal that some of the defenses asserted herein may not apply. Therefore, Defendants reserve their right to amend this Answer as more information about the Plaintiff's claims becomes available.

## **DEFENDANT DEMANDS TRIAL BY STRUCK JURY**

/s/Clinton T. Speegle
One of the Attorneys for Defendants
The Crawford Clinic, LLC and George I. Crawford,
Jr., M.D.

OF COUNSEL:

Laura H. Peck (PEC003)
lpeck@lightfootlaw.com
Michael L. Bell (BEL007)
mbell@lightfootlaw.com
John G. Thompson (THO174)
jthompson@lightfootlaw.com
Clinton T. Speegle (SPE062)
cspeegle@lightfootlaw.com
**LIGHTFOOT, FRANKLIN & WHITE, L.L.C.**
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

DOCUMENT 51

**CERTIFICATE OF SERVICE**

This is to certify that on this 10th day of August, 2015, a true and correct copy of the

foregoing was served on the below counsel of record in accordance with the Alabama Rules of

Civil Procedure:

Rip Andrews
David T. Brown
J. Ben Ford
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Parkway
Suite 600-D
Birmingham, AL 35209

M. Adam Jones
M. ADAM JONES & ASSOCIATES, LLC
206 Lena Street
Dothan, AL 36303

*Attorneys for Plaintiff*

Regional Medical Center Board
400 East 10th Street
Anniston, AL 36207

Michael Proctor, M.D.
12 Hathaway Heights Rd
Anniston, AL 36207

J. Britney Williams, D.O.
270 17th Street NW
Unit 2004
Atlanta, GA 30363

Summer Phelps, N.P.
388 Terrace Meadow Drive
Wellington, AL 36279

Donald Rosen, M.D.
308 Park Place
Oxford, AL 36203

Blue Cross Blue Shield of Arkansas
320 W. Capitol, Suite 900
Little Rock, AR 72201

Christopher Simmons, M.D.
8877 Mudd Street
Ohatchee, AL 36271

*/s/Clinton T. Speegle*
Of Counsel

8