FILED

2015 Aug-21 AM 10:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

DOCUMENT 70

ELECTRONICALLY FILED
8/12/2015 12:40 PM
11-CV-2015-900383.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
ELI HENDERSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| M. DOUGLAS GHEE, as Personal Representative of the Estate of BILLY KEITH FLEMING, deceased, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) ) |
| DONALD ROSEN, MD, et al., | ) ) ) |
| Defendants. | ) |

CIVIL ACTION NUMBER
CV 2015-900383

Honorable Debra H. Jones

### ANSWER

COMES NOW the Defendant, **DONALD ROSEN, M.D.**, and for Answer to Plaintiff's Complaint states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendant pleads not guilty.

### THIRD DEFENSE

The Defendant pleads the general issue.

### FOURTH DEFENSE

The Defendant denies each and every material allegation contained in the First Amendment to Complaint, demands strict proof thereof, and specifically denies: (1) that he was guilty of any medical negligence or breach of the applicable standard of care at the times and places set forth in the Complaint; (2) that plaintiff's decedent was caused to

{B2026899}

DOCUMENT 70

die as the proximate result of any medical negligence or breach of the applicable standard of care on his part at the times and places set forth in the Complaint; and (3) that plaintiff is entitled to recover any damages against him. All counts, claims, causes of action, allegations, and/or assertions made by the plaintiff that are not specifically admitted are hereby denied.

## FIFTH DEFENSE

As affirmative defenses to this claim, the Defendant asserts the provisions, separately and severally, of The Alabama Medical Liability Act, The Alabama Medical Liability Act of 1987, The Alabama Medical Liability Act of 1996, and all amendments to those Acts, and specifically pleads in defense to this action the applicability of sections 6-5-481, 6-5-482, 6-5-484, 6-5-486, 6-5-487, 6-5-488, 6-5-542, 6-5-543, 6-5-544, 6-5-545, 6-5-546, 6-5-547, 6-5-548, 6-5-549, 6-5-549.1, 6-5-550, 6-5-551 and 6-5-552 of the Code of Alabama.

## SIXTH DEFENSE

To the extent the plaintiff asserts a claim as to any matters barred by the applicable statute of limitations, the Defendant pleads the statute of limitations as an affirmative defense. Specifically, but without waiver of any other applicable limitation of action, the Defendant pleads the limitation of action set forth in section 6-5-482 and/or section 6-5-410 of the Code of Alabama.

## SEVENTH DEFENSE

To the extent the plaintiff lacks standing, capacity, or either, to bring this cause of action because he has not been duly appointed as the personal representative of the

2

{B2026899}

decedent's estate, the Defendant pleads lack of standing and lack of capacity as affirmative defenses.

## EIGHTH DEFENSE

While the Defendant denies that plaintiff is entitled to any relief against him, the Defendant pleads the limitations of section 6-5-547 of the Code of Alabama as an affirmative defense to plaintiff's claim for damages for wrongful death.

## NINTH DEFENSE

The plaintiff bears the burden in this case of proof beyond a reasonable doubt before any award of punitive damages can be made.

## TENTH DEFENSE

The Defendant specifically denies that he is guilty of making any fraudulent representations, as alleged by paragraph 18(b) of the Complaint.

## ELEVENTH DEFENSE

The plaintiff's allegation of fraud in paragraph 18(b) of the Complaint has not been pled with the requisite degree of specificity required by the Alabama Rules of Civil Procedure. *See* ALA. R. CIV. P. 9(b)

## TWELFTH DEFENSE

The Defendant specifically denies that he is guilty of having abandoned plaintiff's decedent, as alleged by paragraph 18(d) of the Complaint.

## THIRTEENTH DEFENSE

The Defendant denies that he was guilty of any wantonness at the times and places set forth in the Complaint and denies that plaintiff's decedent was caused to die as the

{B2026899}

proximate result of any wantonness on his part at the times and places set forth in the Complaint.

## THE DEFENDANT ASSERTS THE FOLLOWING CONSTITUTIONAL DEFENSES AS IT RELATES TO PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES:

### FOURTEENTH DEFENSE

The Wrongful Death Act of Alabama (codified as sections 6-5-391 and 6-5-410 of the Code of Alabama) violates the United States Constitution and the Constitution of Alabama in that it fails to give the Defendant notice of the severity of the penalty that may be imposed upon him strictly and solely by and through the unbridled discretion of the jury. The Wrongful Death Act of Alabama fails to give notice of the conduct that will subject the Defendant to punishment. Consequently, it is unconstitutional. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574-75 (1996).

### FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on the grounds established by the United States Supreme Court in *BMW of North America, Inc. v. Gore*. 517 U.S. 559 (1996) (holding that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violates a defendant's rights provided by the United States Constitution).

### SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), to the extent it is not based on the least

4

{B2026899}

drastic remedy or lowest amount of punitive damages that could be expected to ensure that the Defendant will more fully comply with this state's laws in the future.

<h3 style="text-align:center">SEVENTEENTH DEFENSE</h3>

The Wrongful Death Act of Alabama, as it applies to joint tortfeasors, is unconstitutional in that it is punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though said Wrongful Death Act is predicated upon the alleged enormity of the wrong committed by a tortfeasor.  Therefore, this Act, as it applies to joint tortfeasors, denies each and every defendant equal protection of the laws and violates the United States Constitution.

<h3 style="text-align:center">EIGHTEENTH DEFENSE</h3>

The Wrongful Death Act of Alabama is constitutionally void as to the Defendant and as applied to the acts and circumstances in this case in that:

(1)  It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action;

(2)  It operates to deny to the Defendant a fair opportunity to have the jury assess damages based on the Defendant's culpability for negligence which cannot be segregated from allegations of negligence against other defendants joined in this action;

(3)  By failing to provide for joint contribution and an apportionment of damages among defendants, it deprives the Defendant of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States

5

{B2026899}

and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law; and

(4)  By failing to provide for joint contribution and an apportionment of damages among defendants, it deprives the Defendant of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama which provides, insofar as germane, that no person shall be deprived of property except by due process of law.

### NINETEENTH DEFENSE

The Wrongful Death Act of Alabama, as interpreted and applied, violates the following provisions of the United States Constitution:

(1)  <u>The Due Process Clause of the Fourteenth Amendment</u>, in that:

(a)  The claim for punitive damages is vague and not rationally related to any legitimate government interest and punitive damage awards are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest;

(b)  Recovery of punitive damages is permitted upon a standard of proof which is less than the "clear and convincing" standard of proof required by this constitutional provision as an important check against the unwarranted imposition of punitive damages;

(c)  The recovery of punitive damages is permitted upon a showing or under a burden of proof which is less than the "clear and convincing" evidence otherwise

6

{B2026899}

required under Alabama law pursuant to section 6-11-20 of the Code of Alabama for the recovery of punitive damages;

(d)     The statute under which punitive damages are assessed, as interpreted by the Alabama Supreme Court, permits and requires the imposition of punitive damages upon the Defendant in an amount based, at least in part, upon the conduct of a co-defendant; and

(e)     Punitive damages are penal in nature and impose what amounts to a criminal fine, yet defendants in civil actions are not afforded the same procedural safeguards accorded to criminal defendants including, without limitation, requiring proof "beyond a reasonable doubt."

(2)     The Equal Protection Clause of the Fourteenth Amendment, in that:

(a)     The claim for punitive damages is vague and not rationally related to any legitimate government interest and punitive damage awards are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest;

(b)     Recovery of punitive damages is permitted upon a standard of proof which is less than the "clear and convincing" standard of proof required by this constitutional provision as an important check against the unwarranted imposition of punitive damages;

(c)     The recovery of punitive damages is permitted upon a showing or under a burden of proof which is less than the "clear and convincing" evidence otherwise

7

{B2026899}

required under Alabama law pursuant to section 6-11-20 of the Code of Alabama for the recovery of punitive damages;

(d) As it applies to joint tortfeasors, it is punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though said Wrongful Death Act is predicated upon the alleged enormity of the wrong committed by a tortfeasor; and

(e) Punitive damages are penal in nature and impose what amounts to a criminal fine, yet defendants in civil actions are not afforded the same procedural safeguards accorded to criminal defendants including, without limitation, requiring proof "beyond a reasonable doubt."

(3) The Excessive Fines Clause of the Eighth Amendment, in that it allows for the imposition of an excessive fine.

(4) The Sixth Amendment, in that the claim for punitive damages is a claim that is penal in nature, entitling the Defendant to the same procedural safeguards accorded a criminal defendant under this Amendment.

(5) The Fifth Amendment, in that:

(a) Punitive damages are penal in nature yet the Defendant is required to disclose documents and/or other evidence without the safeguards against self-incrimination; and

(b) The claim for punitive damages is vague and not rationally related to any legitimate government interest, violating the safeguards of this Amendment which prohibit deprivation of life liberty or property except by due process of law.

8

{B2026899}

### TWENTIETH DEFENSE

The plaintiff's demand for punitive damages is unconstitutional under Article 1, Section 6 of the Constitution of Alabama – which provides that no person shall be deprived of life, liberty, or property except by due process of law – in that:

(1)   The punitive damages claimed are vague and not rationally related to any legitimate government interest; and

(2)   The punitive damages claimed are penal in nature yet require a burden of proof on the plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in a criminal case.

### TWENTY-FIRST DEFENSE

The Wrongful Death Act of Alabama, as interpreted and applied, violates Article I, sections 1, 6 and 22 of the Constitution of Alabama in that:

(1) Recovery of punitive damages is permitted upon a standard of proof which is less than the "clear and convincing" standard of proof required by the aforesaid constitutional provisions as an important check against the unwarranted imposition of punitive damages; and

(2) Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest.

### TWENTY-SECOND DEFENSE

Plaintiff's claims to punitive damages, the provisions of Alabama law governing the right to recover punitive damages and the determination of the amount of punitive

{B2026899}

damages, and the procedures pursuant to which punitive damages are awarded violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

(1) They violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution by permitting the imposition of punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

(2) They fail to provide a reasonable limit on the amount of a punitive award against a defendant, thereby violating the Defendant's rights to due process as guaranteed by the United States Constitution.

(3) They fail to provide specific standards for the award of punitive damages, thereby violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(4) They result in the imposition of different penalties for the same or similar acts, thereby violating the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Defendant's due process rights.

(5) They violate the Defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution to the extent an award of punitive damages under Alabama law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, including

10

an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and provides no protection against awards of punitive damages for the same course of conduct,

(6)     They permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of the Defendant's due process rights.

(7)     They violate the Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

(8)     They are unconstitutionally vague, indefinite, and uncertain, and they deprive the Defendant of due process of law.

(9)     They cause the Defendant to be treated differently from other similarly situated persons/entities by subjecting the Defendant to liability beyond the actual loss, if any, caused by the Defendant's conduct, if any, and to liability determined without clearly defined principles, standards, and limits on the amount of such awards.

(10)   They violate the Defendant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution to the extent they subject the Defendant to punishment for the conduct of others through vicarious liability, *respondeat superior*, or through non-apportionment of damages among joint tortfeasors.

(11)  They expose the Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by the Defendant's conduct, creating a chilling effect on the Defendant's exercise of his right to a judicial resolution of this dispute.

(l2)  They violate the Self-Incrimination Clause of the Fifth Amendment to the United States Constitution by permitting the imposition of punitive damages against the Defendant, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

(13)  They permit a deprivation of property without due process of law.

(14)  They are not rationally related to legitimate government interests.

(15)  They subject the Defendant to punishment under a law not fully established before the alleged offense.

## TWENTY-THIRD DEFENSE

Plaintiff's claims to punitive damages, the provisions of Alabama law governing the right to recover punitive damages and the determination of the amount of punitive damages, and the procedures pursuant to which punitive damages are awarded violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

(1)  They violate Article I, sections 1 and 6 of the Alabama Constitution by permitting the imposition of punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

12

{B2026899}

DOCUMENT 70

(2)    They fail to provide a reasonable limit on the amount of a punitive award against a defendant, thereby violating the Defendant's due process rights guaranteed by the Alabama Constitution.

(3)    They are unconstitutionally vague, indefinite and uncertain, and they deprive the Defendant of due process of law in violation of the Alabama Constitution.

(4)    They fail to provide specific standards for the amount of an award of punitive damages and deprive the Defendant of due process of law in violation of the Alabama Constitution.

(5)    They permit a deprivation of property without due process of law.

(6)    They cause the Defendant to be treated differently from other similarly situated persons and/or entities by subjecting the Defendant to liability beyond the actual loss, if any, caused by the Defendant's conduct, if any, and to liability determined without clearly defined principles, standards, and limits on the amount of such awards.

(7)    They permit the imposition of different or disparate penalties for the same or similar conduct, thereby denying the Defendant his rights of equal protection and due process.

(8)    They allow excessive fines to be imposed in violation of Article I, section 15 and Article I, section 1 of the Alabama Constitution and in violation of the Defendant's due process rights.

(9)    They subject the Defendant to punishment under a law not fully established before the alleged offense, in violation of Article I, section 7 of the Alabama Constitution.

13

{B2026899}

(10) They permit the imposition of punitive damages against the Defendant, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

(11) They violate the Defendant's due process rights and Article I, sections 1, 6, 13, and 22 of the Alabama Constitution to the extent they subject the Defendant to punishment for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among joint tortfeasors.

(12) They expose the Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by the Defendant's conduct, creating a chilling effect on the Defendant's exercise of his right to a judicial resolution of this dispute.

(13) They are not rationally related to legitimate government interests.

(14) They violate the Defendant's due process and equal protection rights guaranteed by the Alabama Constitution and allow an award improper under the common law and/or public policies of Alabama to the extent an award of punitive damages under Alabama law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and provides no protection against awards of punitive damages for the same course of conduct.

(15) They violate the Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion"

14

without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

## TWENTY-FOURTH DEFENSE

With respect to plaintiff's demand for punitive damages, the Defendant specifically incorporates by reference all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decision of *State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408 (2003).

## TWENTY-FIFTH DEFENSE

The Alabama wrongful death damage system, on its face and as applied, violates the due process clause of the Fourteenth Amendment to the United States Constitution. The system is wholly arbitrary, fundamentally unfair, and utterly irrational, all in violation of due process, in that it affords juries standardless discretion to impose unlimited punishment and allows defendants to be held liable for punitive damages based on acts or omissions of third parties. Additionally, Alabama post-verdict review is neither meaningful nor constitutionally adequate to cure these crucial constitutional defects. As explained by Justice Lyons:

> [U]nlike other cases in which there is a predicate of compensatory damages against which a multiplier may be applied to determine whether the punitive-damages award is excessive, here we have no such predicate. For want of a better process, the due-process analysis compelled by *BMW v. Gore* forces me to engage in the callous business of establishing a base price for the value of human life measured in today's dollars and then extrapolating therefrom an additional sum, also measured in today's dollars, to determine

15

{B2026899}

> what punitive damages above the base price are appropriate to
> effectuate the legislative policy of preventing homicide by
> making it expensive.

*Mobile Infirmary Ass'n v. Tyler*, 981 So. 2d 1077, 1107 (Ala. 2007) (Lyons, J.,
dissenting).

**TWENTY-SIXTH DEFENSE**

The Defendant specifically avers the unconstitutionality of section 6-5-410 of the

Code of Alabama and the system of setting and reviewing awards for wrongful death

claims brought under that statute. Any award of damages for wrongful death is subject to

scrutiny under the factors set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559

(1996). One of the factors which the United States Supreme Court held must be analyzed

in order for the appellate court's review of a punitive damage award to comport with due

process is the disparity between the actual or potential harm suffered by the plaintiff and

the punitive damages award. The Alabama Supreme Court wrongly held in *Tillis

Trucking Co. v. Moses*, 748 So. 2d 874 (Ala. 1999), that Alabama's Wrongful Death

Statute, as interpreted by Alabama courts, is constitutional even though there can be no

meaningful review of the ratio of punitive damages to compensatory damages when only

punitive damages are allowed. *Mobile Infirmary Ass'n v. Tyler*, 981 So. 2d 1077, 1108-

09 (Ala. 2007) (Lyons, J., dissenting). In rationalizing its holding, the Court improperly

reasoned in *Tillis* that "'the ratio factor does not apply' or that it 'applies in principle

without mathematical application.'" *Id.* at 1109 (quoting *Tillis*, 748 So. 2d at 890).

16

### TWENTY-SEVENTH DEFENSE

The provisions of Alabama law governing the right to recover punitive damages, the determination of the amount of punitive damages, and the procedures pursuant to which punitive damages are awarded – specifically the manner in which Alabama juries are instructed to fix an amount of punitive damages coupled with Alabama's vague and non-specific judicial review criteria for reviewing punitive damages jury verdicts – fail to promote systemic consistency in punishing similar wrongdoing similarly, fail to address the stark unpredictability of punitive awards, and fail to protect defendants against arbitrary punitive awards. *See Exxon v. Baker*, 554 U. S. 471, 504 (2008) (citing Alabama's punitive damages scheme as an example which leaves the Court "skeptical that verbal formulations, superimposed on general jury instructions, are the best insurance against unpredictable outliers [of punitive awards]" and stating that "although judges in the States that take this approach may well produce just results by dint of valiant effort, our experience with attempts to produce consistency in the analogous business of criminal sentencing leaves us doubtful that anything but a quantified approach will work"). For these reasons, Alabama's punitive damages scheme violates the Due Process and Equal Protection Clauses of both the United States and Alabama Constitutions. *See id.*

### TWENTY-EIGHTH DEFENSE

The provisions of Alabama law governing the right to recover punitive damages, the determination of the amount of punitive damages, and the procedures pursuant to which punitive damages are awarded lack guidelines corresponding to federal and state

17

criminal sentencing guidelines; therefore, "it is inevitable that the specific amount of punitive damages awarded whether by a judge or jury will be arbitrary." *See Exxon v. Baker*, 554 U.S. 471, 506 (2008). For this reason, Alabama's punitive damages scheme violates the Due Process and Equal Protection Clauses of both the United States and Alabama Constitutions. *See id.*

## TWENTY-NINTH DEFENSE

Federal constitutional law obligates this Court to provide procedural protection against the risk of a jury punishing defendants for potential injuries to persons not before the Court. *Phillip Morris USA v. Williams*, 549 U.S. 346, 355 (2007). Stated differently, the Due Process Clause requires that this Court "provide assurance that [the jury in this case is not] asking the wrong question, i.e., seeking not simply to determine reprehensibility, but also to punish for harm caused to strangers." *Id.*

## THIRTIETH DEFENSE

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon whose who are, essentially, strangers to the litigation." *Phillip Morris USA v. Williams,* 549 U.S. 346, 353 (2007). Furthermore, "such an award would amount to taking of 'property' from the defendant without due process." *Id.* at 349.

## THIRTY-FIRST DEFENSE

The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty victim because such punishment "would add a near standardless dimension to

18

{B2026899}

the punitive damages equation." *Phillip Morris USA v. Williams*, 549 U.S. 346, 354 (2007). Such punishment would be based on speculation and, thus, magnifies the fundamental due process concerns of "arbitrariness, uncertainty and lack of notice." *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416, 418 (2003)).

## THIRTY-SECOND DEFENSE

The Defendant reserves the right to raise different, additional defenses as discovery proceeds.

Respectfully Submitted,

s/M. Christopher Eagan
Randal H. Sellers
M. Christopher Eagan
Starnes Davis Florie LLP
100 Brookwood Place, 7th Floor
Post Office Box 598512
Birmingham, AL 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
State Bar No.: EAG002
E-mail: ceagan@starneslaw.com

{B2026899}

DOCUMENT 70

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2015, I electronically filed the foregoing with the Clerk of the Court using the Alafile system, which will send electronic notification of such filing to the following:

Rip Andrews, Esquire
David T. Brown, Esquire
J. Ben Ford, Esquire
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Parkway, Suite 600-D
Birmingham, AL 35209

Laura H. Peck, Esquire
LIGHTFOOT, FRANKLIN & WHITE,
LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200

M. Adam Jones, Esquire
M. ADAM JONES & ASSOCIATES,
LLC
206 Lena Street
Dothan, AL 36303

Thomas H. Keene, Esquire
RUSHTON STAKELY JOHNSTON &
GARRETT PA
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101-0270

and I hereby certify that I have mailed by United States Postal Service the document to the following non-Alafile participants:

Luther Strange, Esquire
Attorney General of the State of
Alabama
501 Washington Avenue
Montgomery, AL 36130

Michael Proctor, M.D.
12 Hathaway Heights Road
Anniston, AL 36207

Regional Medical Center Board
400 East Tenth Street
Anniston, AL 36207

Christopher Simmons, M.D.
8877 Mudd Street
Ohatchee, AL 36271

J. Britney Williams, D.O.
270 17th Street NW, Unit 2004
Atlanta, GA 30363

Blue Cross Blue Shield of Arkansas
320 West Capitol, Suite 900
Little Rock, AR 72201

s/M. Christopher Eagan
Of Counsel

20

{B2026899}