FILED
2015 Aug-21  PM 12:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

REVISED 6/18/2015

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **M. DOUGLAS GHEE,** as personal representative of **Billy Keith Fleming, deceased,** ] ] ] ] | |
| **Plaintiff,** ] ] | **Civil Action No.:** **1:15-CV-1430-VEH** |
| **v.** ] ] | |
| **REGIONAL MEDICAL CENTER BOARD, et al,** ] ] ] | |
| **Defendants.** ] | |

## ALND UNIFORM INITIAL ORDER
## GOVERNING ALL FURTHER PROCEEDINGS

---

### *PLEASE TAKE NOTICE:*

**All parties must thoroughly review the provisions of this order, which shall govern all proceedings in this action, unless subsequently modified by written order for good cause shown.[1]**

---

## I. DUTIES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL RULE LR26.1(d)

The parties are reminded of their obligations under Federal Rule of Civil Procedure 26(f) and Local Rule LR26.1(d)[2] to confer, as soon as practicable, but in no event later than forty-five (45) days from the first appearance of a defendant, for

---

[1] By appearing in this case and practicing in this court, each attorney or pro se party certifies to this court that he or she has read and is prepared to fully comply with this court's local rules.

[2] The Local Rules of this court may be accessed at http://www.alnd.uscourts.gov.

the purposes of considering the nature and basis of their claims and defenses; the possibilities for a prompt settlement or resolution of the case; to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1); to develop a proposed discovery plan that indicates the parties' views and proposals concerning all of the matters addressed in sub-paragraphs (1) through (4) of Fed. R. Civ. P. 26(f); and in appropriate cases, to consider whether to consent to the exercise of Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

If the parties are unable to agree upon a date, time, or place for such conference, the parties are hereby **ORDERED** to meet at 10:00 a.m. on the last Friday falling within the forty-five day period specified in LR 26.1(d)(2) in the chambers of the undersigned judge.  If use of the court's chambers is required, counsel should telephone chambers at least seven days prior to the required meeting to advise the court.  If a party is proceeding without counsel, the obligation to telephone chambers rests upon counsel for the opposing party.

## A.  Form of Report

The court expects a report of the parties' planning meeting, in the general format of the USDC ND Ala. Form 35 or Fed. R. Civ. P. Appendix Form 52 to be jointly filed with the Clerk of Court by the parties within fourteen (14) days after the meeting.  Should the parties disagree about an item, the positions of the parties as to that item should be clearly set forth in separate paragraphs.

The report also should contain a synopsis of the case advising the court of the general claims and defenses of the parties.  When preparing the report, be aware that the case should be ready for trial within twelve (12) months from the date of service of the complaint unless extraordinary circumstances exist.  Note that the burden lies on the parties to explain why the case cannot be tried within that time frame.

Upon receipt of the report, the court may enter a scheduling order without conducting a separate Rule 16(b) scheduling conference.  The parties should notify the court if they believe a Rule 16(b) conference is necessary.

## B.    Compliance with HIPAA

In accordance with the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated thereto, when "protected health information" is relevant to the claims or defenses presented in an action, the party seeking such "protected health information" shall present a valid authorization at the Rule 26 planning meeting to be executed by the party from whom such "protected health information" is sought.  The parties shall include in their report a deadline (specific date) by which the authorization will be executed.  Alternatively, the parties may present to the court a "qualified protective order" in substantially the form attached to this order as **Appendix I**, to be entered by stipulation of counsel for all parties.

**C.     Suitability of Action for Alternative Dispute Resolution**

All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees.  The court requires that the attorneys for all parties make an early analysis of the case along with their clients and be prepared to discuss settlement at an early date.  The parties shall also consider and discuss whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise.

If any party thinks that a settlement conference with the court at any stage would be conducive to settlement, that party may make a written request that the court conduct such a conference.  The results of all these discussions shall be included in the report of the parties' planning meeting to be filed with the court.

Each attorney is directed to immediately forward a copy of the Initial Order to his or her client.  Plaintiff(s)' attorney(s) are **ORDERED** to immediately discuss the feasibility of settlement with Defendant(s)' attorney(s).

**D.     Commencement of Discovery**

The parties are authorized to commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26 and Local Rule LR26.1 immediately after the required report has been filed.  In cases removed from state court in which any discovery requests were filed before such removal, those discovery requests shall be deemed to have been filed on the date the report required by Fed. R. Civ. P. 26(f) and

LR 26.1(d) is filed in this court.

The parties may elect, but are not required, to file discovery notices, requests and responses with the Clerk of Court.  Even if the discovery notice or request is filed with the Clerk of Court, the discovery response does not have to be filed.  Counsel are reminded to review the court's Administrative Procedures Manuals for electronic filing (on the court's website) for the importance of redacting or sealing personal identifiers (e.g., Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) and other personal or sensitive information, in compliance with the E-Government Act.

## E.   Dismissal of Non-Served Defendants

*Take Notice*:  Any defendant who has not been served with a summons and complaint within 120 days after the filing of the complaint (or within 120 days after the party was added to the action) *may be dismissed without further order of the court unless* prior to such time the party on whose behalf such service is required shows good cause why service has not been perfected.

## F.   Hand Deliveries

If counsel wishes to provide the court with a courtesy copy of a motion or brief, or if an order of this court requires submission of a copy in addition to the original, such copy shall be clearly identified as a "courtesy copy" and left in the Clerk's Office for delivery to the court's chambers.  All hand deliveries, unless otherwise instructed,

are to be made to the Clerk's Office.   Fax copies are not accepted.

## G.    Electronic Submissions

Since January 3, 2005, the official record of the court has been the electronic docket maintained pursuant to CM/ECF.  Except in extraordinary circumstances, all filings shall be consistent with the court's Administrative Procedures Manuals for civil and criminal cases.  Attorneys are required to register for electronic filing and service through the "Attorney Registration" link on the court's website, www.alnd.uscourts.gov.  Once an attorney has so registered, his or her registration becomes permanent, and he or she is not required to re-register in each individual case.  Documents filed through CM/ECF must be in pdf (Portable Document Format).

As part of the CM/ECF system, the court has established a "chamber's email address" for each judicial officer.  The address for the undersigned judge's chambers is hopkins_chambers@alnd.uscourts.gov.  This chambers email address has been established to enable counsel to submit proposed orders or other requested documents to the judge in Wordperfect or Word format, or otherwise to communicate with the judge on **matters directly related to a case**.  **Non-case-related communications should NOT be sent to the chambers email address**.  Ex parte communications are not acceptable; all communications to the chambers email address must show a copy to all opposing counsel or pro se parties.  Counsel should send communications to the chambers email address only if the court is being requested to do something; counsel

should not copy the chambers email address with communications, arguments, debates or other matters occurring solely between counsel.

## II. ATTORNEY FEE SHIFTING CASES

If a party anticipates that during or upon the completion of this action it may for any reason (other than as a sanction under the Federal Rules of Civil Procedure) seek an award of attorneys' fees from the opposing party pursuant to any statute or other law, the party must, with the exception of cases pending before Judge William M. Acker, Jr., comply with the following requirements as a precondition to any such award:

(a)     Counsel must maintain a separate record of time with a complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an hour), recorded contemporaneously with the time expended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action (i.e., not just "research" but the specific matter being researched; not just "conference" but identity of persons conferring and general subject matter of the conference).

(b)     If a claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual in accordance with (a) above.

(c)     Counsel is **DIRECTED** to review and verify all attorney and non-attorney time records no less than once per month.

(d)     Although the court does not require counsel to file a copy of the time records prior to a request for a fee, counsel may file with the clerk of the court either a copy of the time record referred to in (a) above, or a separately prepared document setting forth the information described in (a) above.  If counsel elects to file reports, they should be filed by the 15th day of the month following the month in which the work was performed during the pendency of the case.  If counsel elects to file time reports, the material filed  SHALL be filed under seal, subject to further court order, by placing the same in a sealed envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written thereon.  However, if the material is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and total non-attorney hours included in the current filing under seal. Upon the conclusion of this case, without further order the seal will be lifted as to all attorney fee materials filed under seal.

(e)     A Petition for Attorney Fees shall be accompanied by Counsel's Certification that all time records are accurate; that such records were prepared

contemporaneously with the performance of the work for which the fees are claimed; and that Counsel reviewed and verified all attorney and non-attorney time records no less frequently than once per month.

> *Take Notice*:  **Failure to comply with the foregoing requirements will normally result in attorneys' fees being disallowed.**

### III. CASES THAT REQUIRE EEOC CHARGES

If this case is one in which the filing of a charge of discrimination with the Equal Employment Opportunity Commission or similar agency is required as a prerequisite to suit, then the **PLAINTIFF(S) MUST** file with the Clerk of Court at the time of filing the disclosures required by Fed. R. Civ. P. 26(a)(1):  (**A**) a copy of all charges of discrimination filed with the EEOC and which form the bases of the action; *and* (**B**) a copy of the EEOC's response to all such charges of discrimination filed with that agency, *including* the notice of right to sue.

### IV. MOTION PRACTICE

**A.     Summary Judgment Motions**

Any motion(s) for summary judgment filed in this action ***must comply*** with ***all*** requirements of **Appendix II** to this order.

**B.     Motions (Other than Dispositive Motions and Motions to Remand)**

Prior to filing any motion (other than a dispositive motion or a motion to

remand) in this case, moving counsel shall contact the opposing counsel and determine if counsel will oppose the motion. All motions SHALL include, in the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed." In addition to the requirements of Fed. R. Civ. P. 37(a)(1), the first paragraph **SHALL** briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement. Further, all such motions and responses thereto, including deadlines for responses, shall be as set out in Appendix III attached hereto.

## C.    Motion of Counsel to Withdraw

Once an attorney has appeared as counsel for a party, *he or she may not withdraw from the action merely by filing a* "notice of withdrawal," but must file a motion seeking permission of the court to do so, explicitly stating the grounds therefor. Any motion to withdraw which, if granted, would leave a party unrepresented by counsel **must** include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to promptly file an objection with the court. The motion **must** also include the notation, "Future notice to (name of party) is to be made at the following address: (state last known address of the party)."

**D.** **Type Size**

The court requires all documents created by counsel for submission to the court

to be in 14 point type, except that footnotes may be in 12 point type.

**E.** **Legal Authority**

The court requires that all citations to legal authority include pinpoint

references.

**DONE** and **ORDERED** this <u>21st</u> day of August, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

**APPENDIX I**
**FORM OF HIPAA QUALIFIED PROTECTIVE ORDER**
**(Stipulated for Entry by Counsel for All Parties)**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## _____ DIVISION

| | | |
|---|---|---|
| **AAA,** | ) | |
| | ) | |
| **Plaintiff(s),** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. ___** |
| | ) | |
| **BBB,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

## QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

A photocopy of this Order shall be deemed as an original.

**DONE** and **ORDERED** this _____ day of _____, 20___.


_____
United States District Judge

# APPENDIX II
## SUMMARY JUDGMENT REQUIREMENTS

---

**NOTICE**

This exhibit contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to potentially dispositive motions. **These instructions *must* be followed explicitly. Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken.**

---

### SUBMISSION DATES

The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions. Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline. The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed. The movant's reply submission shall be filed no later than 14 days after the date on which the opponent's responsive submission was due.

To ensure that each party is afforded a full and fair opportunity to be heard, the parties *must* cause copies of briefs and evidentiary materials to be delivered to opposing parties without undue delay and, generally, on the same date such materials are submitted to the court.

## SUBMISSIONS

The parties' submissions in support of and opposition to summary judgment motions must consist of:  (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts and (ii) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies.  More detailed requirements for these submissions are explained in the following sections.

## REQUIREMENTS FOR BRIEFS

**A.    Format**

Initial and response briefs are limited to thirty pages.  Reply briefs are limited to ten pages.  Briefs that exceed twenty pages must include a table of contents that accurately reflects the organization of the document.  The table of contents is not included in the page limit. The text of briefs must be double spaced (except for quotations exceeding fifty words, which may be block indented from the left and right margins and single spaced) using fourteen point typeface, preferably Times New Roman.

**B.    Number Submitted**

The parties must **file** the original brief with the Clerk of Court.  The parties must simultaneously **submit** to the Clerk's Office, for delivery to the court's

chambers by the Clerk, an exact copy of the original, clearly identified as a "courtesy copy," together with a virus-free diskette containing an electronic copy of the brief in Wordperfect or Word format.  The parties also shall e-mail to the court's chambers such brief in Wordperfect or Word format.

## C.    Binding

The Clerk *will not accept bound materials* for filing, but the court's "courtesy copy" of the brief *must be securely bound* (e.g. by three-ring binder or large clip) for ease of use, *and*, to prevent inadvertent loss of pages.  In addition, all pages submitted in the court's "courtesy copy" shall be three-hole punched.

## D.    Manner of Stating Facts

All briefs submitted either in support of or opposition to a motion must begin with a statement of allegedly undisputed relevant material facts set out in *separately numbered paragraphs*.  Counsel must state facts in clear, unambiguous, simple, declarative sentences.  All statements of fact must be supported by specific reference to evidentiary submissions.

### 1.    Moving Party's Initial Statement of Facts

The moving party shall list in *separately numbered paragraphs* each material fact the movant contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment.  Each such

statement must be followed by a specific reference to those portions of the evidentiary record that the movant claims supports it.[3]

### 2.   Opposing Party's Statement of Facts

Each party opposing a summary judgment motion also must submit a statement of facts divided as follows.

### a.   Response to Movant's Statement

The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts.  The non-moving party's response to the moving party's claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based.  *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

### b.   Additional Undisputed Facts

The second section may contain additional, allegedly undisputed facts set out

---

[3] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph.

in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment. The second section of the opposing party's statement of facts, if any, shall be clearly designated as such.[4] The opposing party should include only facts which the opposing party contends are true and not in genuine dispute.

### c.    Additional Disputed Facts

The third section may contain additional, allegedly disputed facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment. The third section of the opposing party's statement of facts, if any, shall be clearly designated as such. Each statement of allegedly disputed facts must be followed by specific reference to those portions of the evidentiary record which both support and contradict the alleged fact.[5]

### 3.    Moving Party's Reply

The reply submission, if any, shall consist of only the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts. The moving

---

[4] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph..

[5] The court recognizes that, in some circumstances, a party opposing a motion for summary judgment may want to set out facts which that party claims are true and supported by evidence, but cannot, in good conscience and consistent with Rule 11, say are undisputed. In such case, the party should include a separate section of fact statements, set out in short declarative sentences and individually numbered paragraphs, which are supported by some evidence but, nevertheless, are in dispute. When doing so, however, the party should include record citations which both support and contradict the alleged fact.

party's response to the non-moving party's additional claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the non-moving party's additional claimed undisputed facts. Any statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the disputation is based. *All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.*

**The court reserves the right *sua sponte* to STRIKE any statements of fact or responsive statements that fail to comply with these requirements.**

## REQUIREMENTS FOR EVIDENTIARY MATERIALS

The parties must file with the Clerk of Court, simultaneously with their briefs, all evidentiary materials (*e.g.*, affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or opposition to summary judgment motions, except those materials included in the moving party's initial evidentiary submission may be referenced by any party opposing the motion, without re-submitting additional copies of the same documents.

While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume the court will

consider such materials.  A specific reference must include the exhibit number, page, and when appropriate the line number.

## A.    Organization

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included:  *e.g.*, "Plaintiff's Exhibit 1, the Deposition of John Jones."  For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e.*, "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered.[6]  **Counsel are directed to submit entire depositions, even if relying only on excerpts.**

Deposition travel transcripts that are submitted as part of the evidentiary record should include no more than four pages of deposition text per 8½" by 11" page.

## B.    Number of Sets Submitted

The parties must **file** one set of evidentiary materials with the Clerk of Court. The parties must simultaneously **submit** to the Clerk of Court, for delivery to the court's chambers by the Clerk, an exact copy of the set of evidentiary materials, clearly identified as a "courtesy copy."  Except for the binding, there must be *no differences* between the filed materials and the "courtesy copy."

---

[6] A reference to that exhibit in the statement of facts or brief might be, "Plaintiff's Ex. 1, p. 41." The court does not, however, require any specific form as long as specific page references are used.

C.     **Binding**

The Clerk *will not accept bound materials* for filing, but the court's copy of the evidentiary submission *must be securely bound* — in separately numbered volumes, if necessary — for ease of use and to prevent inadvertent loss of pages.

# APPENDIX III

## Non-Summary Judgment Motion Scheduling Order[7]

The court recognizes that a number of motions filed with the court do not require additional briefing before the court takes them under consideration. However, to the extent the parties determine that briefing is necessary on a non-summary judgment motion, or to the extent the court orders briefing on a non-summary judgment motion, the following schedule and requirements for the submission of briefs are established. Except for good cause shown, briefs that do not conform to the requirements of this Order will be stricken.

### A. Prerequisites to Filing Motions

Prior to filing <u>any</u> motion (other than a summary judgment motion, a motion to dismiss, or a motion to remand) in this case, moving counsel shall contact the opposing counsel and determine if counsel will oppose the motion. All motions **SHALL** include, in the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed." In addition to the requirements of FED. R. CIV. P. 37(a)(1), the first paragraph **SHALL** briefly summarize the parties' attempts to

---

[7]**NOTE**: The following instructions do <u>not</u> apply to summary judgment motions unless an order of the court specifically provides otherwise. Any motion(s) for summary judgment in this action shall be governed by the provisions of Appendix II to the Uniform Initial Order, which can be viewed on the court's website at http://www.alnd.uscourts.gov/Hopkins/HopkinsPage.htm.

resolve the issue(s) and set forth areas of agreement and disagreement.[8]

**B. Schedule**

1.   Upon the filing of any non-summary judgment motion, the movant shall either incorporate into the motion the arguments and/or authorities upon which it relies or *simultaneously* file a separate brief with its initial motion.

2.   The opponent's responsive brief shall be filed no later than fourteen (14) **calendar** days thereafter.

3.   The movant's reply brief shall be filed no later than seven (7) **calendar** days after the date on which the opponent's responsive brief was due. (NOTE: Days should be calculated without taking into account FED.R.CIV.P. 6. However, if the due date falls on a weekend or court holiday, the due date shall be the next business day.)

The parties shall transmit their briefs in such a manner that their opponents will not suffer any undue delay in the receipt of their service copies of any briefs.  It is the intent of the court that each party shall be afforded a full and fair opportunity to be heard and counsel are expected to take care that service of copies is not unreasonably delayed.[9]  Upon conclusion of the submission schedule, the court may take the motion

---

[8]This paragraph A applies to <u>all</u> motions other than motions to dismiss, motions to remand, and motions for summary judgment.  All <u>other</u> paragraphs apply to <u>all</u> motions (except motions for summary judgment).

[9]The opposing party should typically receive a copy of all materials on the same date that the submission is made to the court, but in no event more than one (1)

under submission without further notice to the parties and materials submitted after the close of the submission schedule will not be considered in ruling on the motion absent obtaining leave of court.

### C. Briefs

The parties shall *file* their briefs with the Clerk's office and shall submit an exact courtesy copy of the brief to the Clerk's office for delivery to the court's chambers.[10]   The parties are then required to email their briefs, in Wordperfect or Word format, to the chamber's email address at *hopkins_chambers@alnd.uscourts.gov*.  The materials submitted to the Clerk's office for delivery to the court's chambers, as well as those sent via email, shall contain the exact same materials and only the materials which are filed with the Clerk.  There must be no differences between the "filed" briefs and the "copy" provided to the court, except that the courtesy copy submitted for chambers *must* be *three-hole punched*.  In the event of a later appeal, the court will not look favorably upon motions to supplement the record on appeal to add materials on the ground that such materials were submitted to the court but were not "filed" with the Clerk.

---

business day later.

[10]Deliveries are no longer accepted in the court's chambers unless prior arrangements have been made.

Briefs should be entitled "[Movant's or Opponent's] [Initial, Responsive or Reply] Submission in Response to Exhibit B of the Court's Order" to ensure that the brief will be filed by the Clerk in the official court record.  The text of initial and responsive briefs shall not exceed twenty-five (25) pages and reply briefs are limited to ten (10) pages.[11]  Briefs exceeding ten (10) pages in length shall have incorporated therein a table of contents that accurately reflects the organization of the brief itself. Tables of Contents shall not be included for purposes of computing the number of pages in a brief.  ALL CITATIONS TO AUTHORITY MUST BE PINPOINT.

### D. Required Certification

Counsel for either party (or any individual under the direction or control of a party), signing any document, including an affidavit, in connection, either directly or indirectly, with a motion, response to such a motion, or a reply to any such response, shall certify by his or her personal signature and as an officer of the court that he or she has affirmatively and diligently sought to submit to the court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the motion, that careful consideration has been given to the contents of

---

[11]Briefs must be typewritten and double spaced, using at least fourteen point type, except footnotes, which may be in twelve point type.  The court expects that counsel will respect the page limitation established by this order.  Transparent attempts on the part of counsel to circumvent page limitations by manipulating type sizes, margins, line spacing, or other similar end runs will not be tolerated.

all submissions to ensure that the submissions do not include vague language or an overly broad citation of evidence or misstatements of the law, and that all submissions are non-frivolous in nature.

### E.  Oral Argument

Upon receipt of the motion, the court may schedule the motion for consideration at a separate hearing or motion docket.  Oral argument is not required, but either party may submit a request for oral argument by serving a request on the court and opposing party.  A request for oral argument must be filed as a separate, stand-alone pleading, and should be captioned (and categorized, when efiled) as a "Notice of Request for Oral Argument."  In order to avoid unnecessary briefing and expense, a request for oral argument should <u>not</u> be filed as a motion.  The court will permit oral argument if it appears it is necessary or would be helpful to the motion's expedient and appropriate disposition.

### F.  Motions for Reconsideration

Motions for reconsideration must be filed within ten days of the date of the court's ruling which the movant seeks to have reconsidered or the court <u>may</u>, in its discretion, deny the motion as untimely.

# APPENDIX IV

## Requirements in Patent Cases[12]

**I.      Duties under Federal Rule of Civil Procedure 26(f) and Local Rule LR26.1(d)**

A. Form of Report

In addition to the requirements set forth in Paragraph I of the Uniform Initial Order, Form 35:  Report of the Parties' Planning Meeting, is modified in patent cases to require, under paragraph "4.  Other Items," proposed deadlines as follows:

**Pre-Discovery Disclosures due**: _____.

**Disclosure of Asserted Claims and Preliminary Infringement Contentions due**: _____.

**Preliminary Invalidity Contention due**: _____.

**Exchange of Proposed Terms and Claim Elements for Construction due**: _____.

**Deadline to join additional parties and to amend pleadings**: _____.

**Joint Claim Construction and Prehearing Statement due**: _____.

---

[12] These requirements and the patent rules attached hereto, were originally developed by United States District Judge C. Lynwood Smith, Jr., and are taken verbatim from his orders.

The Statement shall contain information specified in the Patent Rules of this court.

**Claim Construction Briefs**:

    a. Party claiming patent infringement shall serve and file an opening brief and evidence in support by _____.

    b. Opposing party shall serve and file responsive brief and supporting evidence by _____.

    c. Claim construction reply brief due by _____.

**Claim Construction Hearing**: <u>Week of   (date)  </u>. [date and time to be set by court]

**Discovery**: Discovery must be commenced in order  to be completed by _____.

    a. Maximum of _____ interrogatories and _____requests for admission for each side;

    b. Maximum of _____ non-expert depositions for each side; parties must seek leave for further depositions; each deposition limited to _____ hours unless extended by agreement of parties or by court order.

**Initial expert reports** from the party bearing the burden of proof on the issue regarding which the expert will testify: _____.

**Opposing expert reports for both parties due**: _____.

**Expert Depositions:** Depositions of experts must be completed by
_____.

***Daubert* motions (if any) deadline:** _____. Responses to
*Daubert* motions due _____. Replies due _____.

**Dispositive motions deadline**: _____. **Movant must file any
briefs and supporting evidence with the motion for summary judgment in order
for the submission to be deemed timely.** Responses to dispositive motions are due
_____; replies to responses are due ( insert date five (5) weeks prior to trial
date ).

**Final lists** of witnesses and exhibits under Rule 26(a)(3) and **motions in limine**
are due: _____.

**Objections** to final list of witnesses and exhibits and response to motions in
limine due: _____.

**Joint Proposed Pretrial Order, Proposed Jury Instructions, and Form of
Verdict:** [*to be set by the court at a later date*].

**Pretrial Conference** [*to be set by the court at a later date*].

**Trial**: The parties shall be ready for trial by ( insert date - Monday that falls
one (1) year from the date the case was filed )  .

*The parties may include other interim deadlines that they deem necessary, such as deadlines regarding Privilege Logs, Willfulness Issues, etc.

**The final form of the Report under paragraph "4.  Other Items," shall be in *chronologic order*.

B. Parties Required to Provide Electronic Copy of Report

In addition to filing the Report of the Parties' Planning Meeting, the parties shall provide the court with a copy wordperfect format via email to the chambers inbox at hopkins_chambers@alnd.uscourts.gov .

## II.    Patent Rules

The parties are bound by the Patent Rules of this court which are attached hereto.

# PATENT RULES

## 1. SCOPE OF RULES

**1-1. Title.**

These are the Rules of Practice for Patent Cases before District Judge Virginia Emerson Hopkins in the Northern District of Alabama. They will be in effect on all patent cases assigned to Judge Hopkins until the Northern District of Alabama adopts Uniform Patent Rules. They should be cited as "P. R. ___."

**1-2. Scope and Construction.**

These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a utility patent is not infringed, is invalid or is unenforceable. The Court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Rules based on the circumstances of any particular case, including, without limitation, the complexity of the case or the number of patents, claims, products, or parties involved. If any motion filed prior to the Claim Construction Hearing provided for in P. R. 4-6 raises claim construction issues, the Court may, for good cause shown, defer the motion until after completion of the disclosures, filings, or ruling following the Claim Construction Hearing. The Civil Local Rules of this Court shall also apply to these actions, except to the extent that they are inconsistent with these Patent Rules. The deadlines set forth in these rules may be modified by the Scheduling Order issued in specific cases.

**1-3. Effective Date.**

These Patent Rules shall take effect on July 28, 2006, and shall apply to any case filed or transferred to this court thereafter. Relevant provisions of these rules may be applied to any pending case by the court, on its own motion, or on motion by any party.

## 2. GENERAL PROVISIONS

**2-1. Governing Procedure.**

    **(a) Parties' Planning Meeting.** When the parties confer with each other pursuant to Fed.R.Civ.P. 26(f), in addition to the matters covered by Fed.R.Civ.P. 26, the parties must discuss and address in the Report of the Parties' Planning Meeting filed pursuant to Fed.R.Civ.P. 26(f), the following topics:

        **(1)** Proposed modification of the deadlines provided for in the Patent Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any;

        **(2)** Whether the Court will hear live testimony at the Claim Construction Hearing;

        **(3)** The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;

        **(4)** The order of presentation at the Claim Construction Hearing; and

        **(5)** The scheduling of a Claim Construction Prehearing Conference to be held after the Joint Claim Construction and Prehearing Statement provided for in P. R. 4-3 has been filed.

        **(6)** Whether the court should authorize the filing under seal of any documents containing confidential information.

**2-2. Confidentiality.**

    If any document or information produced under these Patent Rules is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside

attorney(s) of record and the employees of such outside attorney(s).

If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 court days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this local rule shall keep it confidential and use it only for purposes of litigating the case.

## 2-3. Certification of Initial Disclosures.

All statements, disclosures, or charts filed or served in accordance with these Patent Rules must be dated and signed by counsel of record. Counsel's signature shall constitute a certification that to the best of his or her knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the information contained in the statement, disclosure, or chart is complete and correct at the time it is made.

## 2-4. Admissibility of Disclosures.

Statements, disclosures, or charts governed by these Patent Rules are admissible to the extent permitted by the Federal Rules of Evidence or Procedure. However, the statements or disclosures provided for in P. R. 4-1 and 4-2 are not admissible for any purpose other than in connection with motions seeking an extension or modification of the time periods within which actions contemplated by these Patent Rules must be taken.

## 2-5. Relationship to Federal Rules of Civil Procedure.

Except as provided in this paragraph or as otherwise ordered, it shall not be a legitimate ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to Fed.R.Civ.P. 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Patent Rules. A party may object, however, to responding to the following categories of discovery requests (or

decline to provide information in its initial disclosures under Fed.R.Civ.P. 26(a)(1) on the ground that they are premature in light of the timetable provided in the Patent Rules:

> **(a)** Requests seeking to elicit a party's claim construction position;

> **(b)** Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

> **(c)** Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

> **(d)** Requests seeking to elicit from an accused infringer the identification of any opinions of counsel, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under Fed.R.Civ.P. 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to provide the requested information to an opposing party under these Patent Rules, unless there exists another legitimate ground for objection.

## 3. PATENT INITIAL DISCLOSURES

### 3-1. Disclosure of Asserted Claims and Preliminary Infringement Contentions.

Not later than 10 days after the Parties' Planning Meeting, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information:

> **(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party;

**(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

**(c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

**(d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

**(e)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

**(f)** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

## 3-2. Document Production Accompanying Disclosure.

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

**(a)** Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third

party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

**(b)** All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier; and

**(c)** A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

## 3-3. Preliminary Invalidity Contentions.

Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information:

**(a)** The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the

identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

**(b)** Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

**(c)** A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**(d)** Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

## 3-4. Document Production Accompanying Preliminary Invalidity Contentions.

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

**(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart; and

**(b)** A copy of each item of prior art identified pursuant to P. R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

## 3-5. Disclosure Requirement in Patent Cases for Declaratory Judgment.

**(a) Invalidity Contentions If No Claim of Infringement.** In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a

patent is not infringed, is invalid, or is unenforceable, P. R. 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than 10 days after the defendant serves its answer, or 10 days after the Parties' Planning Meeting, whichever is later, the party seeking a declaratory judgment must serve upon each opposing party its Preliminary Invalidity Contentions that conform to P. R. 3-3 and produce or make available for inspection and copying the documents described in P. R. 3-4. The parties shall meet and confer within 10 days of the service of the Preliminary Invalidity Contentions for the purpose of determining the date on which the plaintiff will file its Final Invalidity Contentions which shall be no later than 50 days after service by the Court of its Claim Construction Ruling.

**(b) Applications of Rules When No Specified Triggering Event.** If the filings or actions in a case do not trigger the application of these Patent Rules under the terms set forth herein, the parties shall, as soon as such circumstances become known, meet and confer for the purpose of agreeing on the application of these Patent Rules to the case.

**(c) Inapplicability of Rule.** This P. R. 3-5 shall not apply to cases in which a request for a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable is filed in response to a complaint for infringement of the same patent.

## 3-6. Final Contentions.

Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.

**(a)** If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions" with respect to the information required by Patent R. 3-1(c) and (d).

**(b)** Not later than 50 days after service by the Court of its Claim

Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" with respect to the information required by P. R. 3-3 if:

> **(1)** a party claiming patent infringement has served "Final Infringement Contentions" pursuant to P. R. 3-6(a), or

> **(2)** the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

## 3-7. Amendment to Contentions.

Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in P. R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause.

## 3-8. Willfulness.

By the date set forth in the Scheduling Order, each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall:

> **(a)** Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

> **(b)** Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party opposing a claim of patent infringement who does not comply with the requirements of this P. R. 3-8 shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

# 4. CLAIM CONSTRUCTION PROCEEDINGS

## 4-1. Exchange of Proposed Terms and Claim Elements for Construction.

**(a)** Not later than 10 days after service of the "Preliminary Invalidity Contentions" pursuant to P. R. 3-3, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

**(b)** The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

## 4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence.

**(a)** Not later than 20 days after the exchange of "Proposed Terms and Claim Elements for Construction" pursuant to P. R. 4-1, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

**(b)** At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

**(c)** The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

**4-3. Joint Claim Construction and Prehearing Statement.**

Not later than 60 days after service of the "Preliminary Invalidity Contentions," the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

> **(a)** The construction of those claim terms, phrases, or clauses on which the parties agree;

> **(b)** Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

> **(c)** The anticipated length of time necessary for the Claim Construction Hearing;

> **(d)** Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

> **(e)** A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

**4-4. Completion of Claim Construction Discovery.**

Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any

witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement.

## 4-5. Claim Construction Briefs.

**(a)** Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.

**(b)** Not later than 14 days after service upon it of an opening brief, each opposing party shall serve and file its responsive brief and supporting evidence.

**(c)** Not later than 7 days after service upon it of a responsive brief, the party claiming patent infringement shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

**(d)** At least 10 days before the Claim Construction Hearing held pursuant to P.R. 4-6, the parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct.

> **(1)** Said chart shall have a column listing complete language of disputed claims with disputed terms in bold type and separate columns for each party's proposed construction of each disputed term.  The chart shall also include a fourth column entitled "Court's Construction" and otherwise left blank.  Additionally, the chart shall also direct the Court's attention to the patent and claim number(s) where the disputed term(s) appear(s).

> **(2)** The parties may also include constructions for claim terms to which they have agreed. If the parties choose to include agreed constructions, each party's proposed construction columns shall state "[**AGREED**]" and the agreed construction shall be inserted in the "Court's Construction" column.

> **(3)** The purpose of this claim construction chart is to assist the Court and the parties in tracking and resolving disputed terms.  Accordingly, aside from the requirements set forth in this rule, the parties are afforded substantial latitude in the chart's format so that they may fashion a chart that most clearly and efficiently outlines the disputed terms and proposed

constructions.  Appendices to the Court's prior published and unpublished claim construction opinions may provide helpful guidelines for parties fashioning claim construction charts.

**4-6. Claim Construction Hearing.**

Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in P.R. 4-5(c), the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.